IN THE CIRCUIT COURT IN AND FOR THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR MANATEE COUNTY, FLORIDA

ROCHELLE GIANOPULOS and DANIEL
GIANOPULOS, Individually and as parents
on behalf of their minor son DANIEL GIANOPULOS,

        Plaintiffs,

v.                                 CASE NO: 09406540

INTERNATIONAL CENTER FOR EXCELLENCE
IN EDUCATION, LLC, d/b/a THE PENDLETON
SCHOOL,

        Defendant.
_____\

## COMPLAINT

COMES NOW, ROCHELLE GIANOPULOS and DANIEL GIANOPULOS, Individually and as parents on behalf of their minor son DANIEL GIANOPULOS, by and through their undersigned attorney, and sue INTERNATIONAL CENTER FOR EXCELLENCE IN EDUCATION, LLC, d/b/a THE PENDLETON SCHOOL, and allege as follows:

1. This is an action pursuant to the federal ADA Law 42USC Title III specifically 42 USC Sec. 12181 for damages in excess of $15,000.00.

2. The Plaintiffs are the parents of Daniel Gianopulos who was a student of Pendleton.

3. In November 2007, Daniel Gianopulos was tested by Deborah G. Miller, M.A., the Pendleton School psychologist. Based upon her testing, Daniel was to be provided with several accommodations.

4. As a result, the learning specialist/accommodations coordinator, Mary Conway, wrote up Daniel's accommodation plan, attached hereto as **Exhibit A**.


EXHIBIT "A"

5. The Defendant, Pendleton and its management, Headmaster, Interim Headmaster, and teachers were all aware of Daniel's accommodation plan.

6. Such accommodations are required by the American with Disabilities Act (ADA).

7. Pendleton officials and teachers refused to follow Daniel's accommodation plan and, in fact, stated their position that ADA did not apply to learning disabled children. They further stated that ADA only required Pendleton to provide accommodations for physical disabilities such as parking spaces and other physical accommodations. Ms. Conway provided administration information to show they were wrong. Irrespective, this was ignored.

8. Ms. Conway was criticized by administration for providing "reader" services to students with reading disabilities. At least one teacher was overheard saying "it is not his job to provide accommodations and it is up to the resource center."

9. Among other things:

    A. Daniel was not allowed to take his tests in the resource center by some teachers, against the accommodation plan and recommendation of Ms. Conway.

    B. Daniel was belittled in front of his classmates by his teachers.

    C. When Daniel and his family finally could not take anymore of the humiliation, Daniel left school and has had to repeat the ninth grade.

    D. Daniel's success at school was affected and his stress escalated so much that he could not perform. Therefore, Plaintiffs were advised that it was not in Daniel's best interest to return to Defendant's school.

10. These willful and malicious acts were done with knowledge and ignored by the administration. Said acts were willful acts, calculated to harm special education students.

11. Daniel attended Defendant's school the first quarter of 2007-2008. He was unable to return and stopped because of emotional upset and stopped attending at the end of the third quarter, March 2008.

12. The Plaintiffs were never refunded their payment of $4,750.00 for the fourth quarter which Daniel did not attend.

13. The Plaintiffs also wasted and therefore lost $3,500.00 paid to learning coaches to see his accommodation was followed.

14. The Defendant charged $3,500.00 extra for special aid children which clearly constitutes discrimination.

15. Plaintiffs had to an additional $8,000.00 for Daniel to repeat the ninth grade at a different school.

16. Daniel suffered emotionally from the humiliation of his treatment by some teachers and his request to repeat his grade. It was a very tough year for him emotionally.

17. Title III of the ADA requires places of public accommodation to remove barriers that present persons with disabilities from enjoying services provided.

18. Under the Act, public accommodations are "...a nursery, elementary, secondary, undergraduate or post graduate private school or other place of education." See 42 U.S.C. Sec. 12181(7)(j).

19. The regulations accompanying the ADA define disability as follows: "Disability means, with respect to an individual, a physical or mental impairment that

substantially limits one or more of the major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment.

(1) The phrase physical or mental impairment means –

(ii) Any mental or psychological disorder such as mental retardation, organic brain syndrome, emotional or mental illness, and specific learning disabilities;

(iii) The phrase physical or mental impairment includes, but is not limited to, such contagious and non-contagious diseases and conditions as orthopedic, visual, speech, and hearing impairments, cerebral palsy, epilepsy, muscular dystrophy, multiple sclerosis, cancer, heart disease, diabetes, mental retardation, emotional illness, specific learning disabilities, HIV disease (whether symptomatic of asymptomatic), tuberculoses, drug addiction, and alcoholism." 28 CFR sec. 36.104.

20. The actions of the Defendant were unreasonable, without foundation in law, and intentional.

21. Daniel had, during the time he was attending Defendant's school, a disability within the meaning of the ADA.

WHEREFORE, Plaintiffs pray that:

1. Damages constituting a refund of the fourth quarter extra tuition payment in the amount of $3,500.00 and $8,000.00 for the cost of an extra year in school

2. Damages for humiliation and embarrassment of Daniel.

3. Punitive damages.

4. A determination that the $3,500.00 extra charge for a special education student constitutes discrimination which is illegal.

5. Attorney's fees and costs.

6. For such other remedies as this Court feels are just and equitable.

                                      Respectfully submitted,

                                      LAW OFFICE OF EDWIN T. MULOCK
                                      Attorney for Plaintiff
                                      519 13th Street West
                                      Bradenton, Florida 34205
                                      Telephone: (941) 748-2104
                                      Fax: (941) 748-6588

                                      By:_____
                                      Edwin T. Mulock, Esq
                                      Fla. Bar No. 0112400